1
2
3
4
5
6
7
8                       UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   A.H., et al.,                              No. 2:21-cv-00690-KJM-JDP

12                        Plaintiffs,           ORDER

13         v.

14   Sacramento County Dept. Child, Family and
15   Adult Services, et al.,

16                        Defendants.

17         Cynthia Martin and her three minor children, A.H., E.H., and C.G. bring this action after

18   the Sacramento County Department of Child, Family and Adult Services removed the minors

19   from their home and placed them in foster care.  Susanna Maas, a teacher with the Elk Grove

20   Unified School District, made the referral for removal.  Martin moves to be appointed guardian ad

21   litem of her children.  For the reasons below, the court **denies the motion**.  The District and Maas

22   move to dismiss the claims against them.  Also as explained below, this motion is **granted and**

23   **the court dismisses all claims against the district and Mass**.

24   **I.      BACKGROUND**

25         Plaintiff Cynthia Martin (Martin) and nonparty Jeffrey Martin are the parents of minor

26   plaintiffs: A.H., E.H. and C.G.  Compl. ¶¶ 4, 24, 31, ECF No. 1.  A.H. attended Helen Carr

27   Castello Elementary School, which is within the Elk Grove Unified School District.  *Id.* ¶ 21.

28   Around February 25, 2019, A.H. fell on the school playground and school officials, including

                                              1

teacher Susanna Maas,[1] inspected him for injury. *Id* ¶¶ 9, 23, 77(d).  As part of the inspection the officials had A.H. strip naked without the consent and presence of Martin.  *Id*. ¶ 77(d).  That day, a mandated reporter informed Child Protective Services (CPS) that A.H. had been out of school for the past two weeks and had returned to school with a burn on his leg.  *Id.* ¶ 23.  Maas reported the burn she saw on A.H.'s leg was wrapped in gauze that did not fully cover the wound.  *Id.* ¶ 27.  A.H. told Maas that while his parents were fighting his mother spilled hot coffee on A.H.'s leg and did not take him to the doctor.  *Id.* ¶ 24.  Plaintiffs maintain this report is false; no fight occurred, and A.H. spilled the coffee on himself.  *Id*. ¶ 25.

On February 21, 2019, Martin was fired from her job as a home health medical social worker because she was newly listed on the Child Abuse Central Index (CACI).  *Id*. ¶ 36.  About a week later, Brenda Bryant, a social worker with the Sacramento County Department of Child Family, and Adult Services (DCFAS), who was investigating the matter of Martin's minor children, went with Elk Grove police officers to the plaintiffs' home.  *Id*. ¶¶ 6, 31.  Bryant told Jeffrey Martin that he should seek full custody of the younger children.  *Id.* ¶ 31.  Following this interaction, Jeffrey Martin moved to another state.  *Id*.

On March 4, 2019, Bryant, an ER response worker, and Elk Grove police officers, returned to the plaintiffs' home.  *Id*. ¶ 33.  The group executed a protective custody warrant, taking A.H. and leaving instructions for E.H. and C.G. to be taken to Children's Receiving Home.  *Id*. ¶¶ 33–34.  Eventually Martin regained custody of her children and the court dismissed the case against her, but Martin's name remains on the CACI list.  *Id*. ¶ 38.  Plaintiffs maintain there was no reason for defendants to remove the children because any reports of abuse were false.  *Id*. ¶ 35.

Plaintiffs bring this action against DCFAS, by and through CPS, Elk Grove Unified School District, Bryant, Maas, and Does 1–25.[2]  *See generally* Compl.  The individual defendants

---

[1] Defendant Maas is named in the complaint as "Ms. Maas," Compl. ¶ 9, but the defendants identify her first name, Mem. at 1, ECF No. 7-1.

[2] The complaint identifies Does 1–25 as CPS and DCFAS employees, Compl. ¶¶ 7 & 12, Does 5–8 as employees of the District, *id*. ¶ 13.  If a defendant's identity is unknown when the complaint is filed, plaintiffs have an opportunity through discovery to identify them.  *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).  But the court will dismiss such unnamed defendants

1    are sued in their individual and official capacities.  *Id.* ¶¶ 6 & 9.  Plaintiffs bring five claims.

2    Under 42 U.S.C. § 1983 the plaintiffs allege: 1) unreasonable search and seizure in violation of

3    the Fourth Amendment against all defendants; 2) retaliation in violation of the First Amendment

4    against all defendants; 3) procedural and substantive due process violations under the Fourteenth

5    Amendment against Bryant and Maas and Does 1–25; and, 4) *Monell* liability against DCFAS,

6    CPS, and the District.  Under state law the plaintiffs allege intentional infliction of emotional

7    distress against all defendants.

8           Martin now moves to be appointed as guardian ad litem for the minors for the purpose of

9    bringing this action.  Petition, ECF No. 4-3.

10          Elk Grove Unified School District and Susanna Maas (the District Defendants) move to

11   dismiss, Mot. ECF No. 7; Mem., ECF No. 7-1, and plaintiffs oppose, Opp'n, ECF No. 9.

12   Defendants replied.  Reply, ECF No. 13.  The court held a hearing attended by Edna Wenning for

13   plaintiffs, and Jeffrey Chiao and Domenic Spinelli for defendants.  At hearing the court directed

14   Ms. Wenning to submit a supplemental declaration on the motion to appoint Martin the guardian

15   ad litem of the minor children.  Mins. for Mot. Hr'g, ECF No. 17.  Ms. Wenning complied.  *See*

16   Suppl. Martin Decl., ECF No. 18.

17   **II.    GUARDIAN AD LITEM**

18          When a litigant is a minor, "[t]he Court has a duty to ensure that [the] minor's interest[s]

19   are protected."  *Bhatia v. Corrigan*, No. 07-2054, 2007 WL 1455908, at *1 (N.D. Cal. May 16,

20   2007) (citing Fed. R. Civ. P. 17(c)).  Appointing a guardian ad litem "must normally be left to the

21   sound discretion of the trial court."  *United States v. 30.64 Acres of Land*, 795 F.2d 796, 804 (9th

22   Cir. 1986).  "When choosing a guardian ad litem for a civil lawsuit, the most important issue is

23   protection of the minor's interest in the litigation."  *Kulya v. City & Cnty. of San Francisco*, No.

24   06-6539, 2007 WL 760776, at *1 (N.D. Cal. Mar. 9, 2007) (citation omitted).  "Fit parents are

25   presumed to act in the best interests of their children."  *J.A. v. Cnty. of Madera*, No. 21-252, 2021

---

if discovery clearly would not uncover their identities or if the complaint would clearly be
dismissed on other grounds.  *Id*. at 642.  The federal rules also provide for dismissing unnamed
defendants that, absent good cause, are not served within 90 days of the complaint.  Fed. R. Civ.
P. 4(m).

1   WL 826219, at *2 (E.D. Cal. Mar. 4, 2021) (citing *Troxel v. Granville*, 530 U.S. 57, 66 (2000)).

2   "In general, a parent who is also a party to the lawsuit is presumed to be a suitable guardian ad

3   litem, and so the court often appoints the parent as guardian ad litem upon receipt of an ex parte

4   application without exercising much discretion." *Brown v. Alexander*, No. 13-01451, 2015 WL

5   7350183, at *2 (N.D. Cal. Nov. 20, 2015).  But "[w]hen a parent has an actual or potential

6   conflict of interest with his child, . . . the parent has no right to control or influence the child's

7   litigation." *Id*. (quoting *Williams v. Superior Court*, 147 Cal. App. 4th 36, 50 (2007)) (marks

8   omitted).  "If the court concludes that a non-parental guardian ad litem would better protect the

9   minor's interests, then it has a right to select a non-parental guardian." *Id.*

10          At hearing the court raised its concern that there might be a conflict of interest between

11   Martin and the minor plaintiffs.  Specifically, the court pointed to *Kulya v. City & Cnty. of San*

12   *Francisco*, a case from the Northern District of California in which a father and minor child were

13   plaintiffs alleging civil rights violations, false arrest, and intentional infliction of emotional

14   distress stemming from the father's arrest after "charges of child abuse" were made against him.

15   *Kulya*, 2007 WL 760776, at *1.  There the court found the father was not a suitable guardian ad

16   litem because "there [was] at a minimum a potential conflict of interest between [the father and

17   the minor] because of the allegations of abuse which form the ostensible basis for Defendants'

18   subsequent conduct." *Id*. at *2.

19          As noted, Martin was given an opportunity to address these concerns in a supplemental

20   declaration.  She insisted she could represent the children's interest and pointed to her education,

21   including her Bachelor's degree in Ethnic Studies and Psychology and a Master's degree in

22   Social Work, as well as her experience as a social worker as proof of her ability to objectively

23   represent her children as a guardian ad litem.  While the court gives weight to Martin's

24   qualifications, it is not convinced Martin would be an appropriate choice as guardian in this

25   particular case.  This decision should not be taken as the court's passing judgment on Martin's

26   general fitness as a parent or accepting the underlying allegations levied against her as true.

27   Rather the court simply sees the potential that a conflict of interest may exist between Martin and

28   /////

the minor children given the underlying allegations.  Accordingly, the motion is denied.  Another individual must be appointed to represent the interest of the minor children going forward.

### III.   LEGAL STANDARD

A party may move to dismiss for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  The motion may be granted only if the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory.  *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013).  The court assumes all factual allegations are true and construes "them in the light most favorable to the nonmoving party."  *Steinle v. City & Cnty. of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019).  If the complaint's allegations do not "plausibly give rise to an entitlement to relief," the motion must be granted.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  But this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible.  *Iqbal*, 556 U.S. at 678.  In the same vein, conclusory or formulaic recitations elements do not alone suffice.  *Id*. (quoting *Twombly*, 550 U.S. at 555).  This evaluation of plausibility is a context-specific task drawing on "judicial experience and common sense."  *Id*. at 679.

### IV.   ANALYSIS

#### A.   Federal claims

The District Defendants first argue all federal claims are barred by the statute of limitations.  Mem. at 5.

Because § 1983 does not have its own statute of limitations "federal courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, . . . except to the extent any of these laws is inconsistent with federal law."  *Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191, 1198 (9th Cir. 2014) (citations and internal marks omitted).  "[I]n borrowing a state statute of limitations for a federal cause of action, we follow the Supreme Court's direction to 'borrow no more than necessary.'"  *Id.*

1   (quoting *West v. Conrail*, 481 U.S. 35, 39 (1987)).  "Although California law determines the

2   *length* of the limitations period, federal law determines when a civil rights claim *accrues*."

3   *Lukovsky v. City & Cnty. of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008) (citations

4   omitted) (emphasis in original).  The statute of limitations begins to run "when the plaintiff

5   knows or has reason to know of the injury which is the basis of the action."  *Olsen v. Idaho State*

6   *Bd. of Med.*, 363 F.3d 916, 926 (9th Cir. 2004) (quoting *TwoRivers v. Lewis*, 174 F.3d 987, 991

7   (9th Cir.1999)).

8          Here, plaintiffs allege the report to CPS, by Maas and other school officials, took place

9   "on or about February 25, 2019."  Compl. ¶¶ 23, 27.  Defendants insist the date of the mandated

10  report is when the claim accrued.  Mem. at 5.  In response the plaintiffs rely on California law to

11  argue the claims are not barred because of the "ongoing activity" that allegedly violates their

12  rights.  Opp'n at 11–12.  Specifically, the plaintiffs point to the fact that Martin's name still

13  appears on the CACI.  *Id.* at 12.

14         The relevant statute of limitations period is two years.  *Butler*, 766 F.3d at 1198; Cal. Civ.

15  Proc. Code § 335.1.  Plaintiffs rely on *Lee v. Los Angeles County Metropolitan Transportation*

16  *Authority* in arguing the present claims are timely, but the court is not persuaded by this case.  *See*

17  107 Cal. App. 4th 848, 850 (2003) ("In an action for continuous and repeated damage to real

18  property based on inverse condemnation and nuisance, the cause of action does not accrue until

19  the situation has stabilized.").  Given that the date an injury accrues is governed by federal law,

20  the court turns to determining when plaintiffs became aware of their injury.  *See Olsen*, 363 F.3d

21  at 926.

22         More than two years have passed since the claim accrued.  Even if the court were to

23  assume the claim did not accrue on the precise date of the mandated report, plaintiffs knew or had

24  reason to know of the injury around that time.  Martin knew of the injury forming the basis of this

25  action because she was fired from her job at the time for being listed on the CACI.  *See* Compl.

26  ¶ 36.  Plaintiffs also had reason to know of the injury when Bryant removed the children from

27  Martin's care on March 4, 2019.  *Id*. ¶ 33.  As the plaintiffs filed the complaint on April 16, 2021,

28  ECF No. 1, the complaint was filed outside of the statute of limitations with respect to both dates.

1    The complaint alleges the children were in foster care before returning home, Compl.

2  ¶¶ 35, 38, and that the school made "several calls" and sent "constant emails" to CPS, *id*. ¶¶ 27,

3  51.  However, at hearing plaintiff conceded these actions did not impact the statute of limitations

4  analysis.  Furthermore, nothing in the complaint or briefing indicates there is reason to toll the

5  statute of limitations.  *See Butler*, 766 F.3d at 1204 (Federal court's "borrow our rules for

6  equitable tolling from the forum state, California." (citing *Hardin v. Straub*, 490 U.S. 536, 539

7  (1989))).  At hearing, plaintiffs' counsel made the new argument that the claims of the minor

8  children did not accrue until they reached the age of majority.  However, defense counsel

9  responded with a citation to *Booth v. United States*, which explains that minority tolling only

10  applies if there is "express language in [the] statute[ ] giving [minors] time, after majority . . . to

11  assert their rights."  914 F.3d 1199, 1204 (2019) (quoting *Vance v. Vance*, 108 U.S. 514, 521

12  (1883) (marks omitted).  There is no basis for tolling here based on the childrens' minority status

13  at the time of the underlying events.

14    Accordingly, the § 1983 claims against the District and Maas are dismissed, without leave

15  to amend.  *See Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th

16  Cir. 2013) ("Courts may decline to grant leave to amend only if there is strong evidence of '. . .

17  futility of amendment.'" (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962))).

18    **B.    State Claims**

19    The District Defendants move to dismiss the state law claim against them because

20  plaintiffs have not alleged compliance with the Government Claims Act.  Mem. at 9.

21    In relevant part the California's Government Claims Act provides:

22    [N]o suit for money or damages may be brought against a public
23    entity . . .  until a written claim therefor has been presented to the
24    public entity and has been acted upon by the board, or has been
25    deemed to have been rejected by the board . . . .

26  Cal. Gov't Code § 945.4.  "The filing of a claim is a condition precedent to the maintenance of

27  any cause of action against the public entity and is therefore an element that a plaintiff is required

28  to prove in order to prevail."  *DiCampli-Mintz v. Cnty. of Santa Clara*, 55 Cal. 4th 983, 990

29  (2012) (citation and marks omitted).  Applying state law, at least one other federal court has

1  found that "[p]resentation of a written claim and action on or rejection of the claim by the

2  Government Claims Board are conditions precedent to suit." *Kennedy v. Cnty. of Contra Costa,*

3  *et al.*, No. 19-04280, 2021 WL 3173224, at *8–9 (N.D. Cal. July 27, 2021) (citing Cal. Gov't

4  Code § 945.4; *Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1111 (9th

5  Cir. 2001)), *appeal docketed*, No. 21-16261(9th Cir. Aug. 3, 2021).  The requirement must be

6  satisfied "[e]ven if the public entity has actual knowledge of facts that might support a claim."

7  *DiCampli-Mintz*, 55 Cal. 4th at 990 (citation omitted).

8        Plaintiffs allege the District is a public entity and seek damages, but the plaintiffs do not

9  allege they complied with the Government Claims Act requirements.  Compl. ¶ 8 & Prayer for

10  Relief.  Plaintiffs' opposition does not meaningfully address defendants' argument regarding

11  failure to exhaust.  Plaintiffs argue simply that the complaint makes out a prima facie case for

12  intentional infliction of emotional distress, without addressing whether plaintiffs have or could

13  comply with the Government Claims Act.  *See* Opp'n at 18–19.  Therefore, the claim of

14  intentional infliction of emotional distress against the District and Maas is dismissed, without

15  leave to amend given that on this record amendment appears futile.  *See Sonoma Cnty.*, 708 F.3d

16  at 1117.  This dismissal will be without prejudice.

17        **C.      Punitive Damages**

18        The District Defendants argue the plaintiffs' punitive damages request should be stricken

19  because "[p]laintiffs may not recover punitive damages from the County for bad faith

20  constitutional violations" and plaintiffs cannot recover "punitive damages from . . . [i]ndividual

21  [d]efendants [sued] in their official capacities."  Mem. at 12 (citing *City of Newport v. Fact*

22  *Concerts, Inc.*, 453 U.S. 247, 271 (1981); *Wells v. Bd. Of Trs. of Cal. State Univ.*, 393 F. Supp. 2d

23  990, 999 ((N.D. Cal. 2005)).  The court need not reach whether punitive damages claims are

24  appropriate because all claims against the District Defendants are dismissed.

25  **V.      CONCLUSION**

26        The court **denies** Martin's motion to be appointed guardian ad litem and orders plaintiffs'

27  counsel to submit a new motion to appoint a guardian ad litem.  The court orders plaintiffs to

28  submit a petition identifying a new guardian ad litem within **fourteen days of this order**.

1    The court **grants** the District Defendants' motion to dismiss.  All five claims against the

2    District and Maas are **dismissed without leave to amend.**

3    The remaining defendants have yet to respond to the complaint.  Once an appropriate

4    guardian ad litem is appointed and approved by the court, if the remaining defendants still have

5    not appeared in this case, plaintiffs shall promptly seek entry of default judgment and move for

6    default judgment against those remaining defendants.  *See* Fed. R. Civ. P. 55.

7    A status conference is set for **December 17, 2021 at 10 a.m.** to determine whether the

8    court needs to set a further schedule or otherwise issue orders to address the status of the case.

9    This order resolves ECF Nos. 4 & 7.

10    IT IS SO ORDERED.

11    DATED:  September 17, 2021.

CHIEF UNITED STATES DISTRICT JUDGE