UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.H., et al., | No. 2:21-cv-00690-KJM-JDP |
| Plaintiffs, | ORDER |
| v. | |
| Sacramento County Dept. of Child, Family and Adult Services, et al., | |
| Defendants. | |

Cynthia Martin and her three minor children, A.H., E.H., and C.G. bring this action against Sacramento County Department of Child, Family and Adult Services (DCFAS) and Brenda Bryant. The court previously dismissed defendants Susanna Maas and the Elk Grove Unified School District. The plaintiffs now move for Mary E. James to be appointed guardian ad litem of the minor plaintiffs. This motion is unopposed. For the reasons below, the court **grants the motion**. The plaintiffs also move for reconsideration of the court's order dismissing the School District and Maas. The School District and Maas oppose. For the following reasons that motion is **denied**.

I. **DISCUSSION**

First, the court considers the plaintiffs' motion to appoint Mary E. James as the guardian ad litem for the minor children. James Decl., ECF No 25. James' declaration in support of her appointment is sparse. She notes she is not a party to this case, is a friend of Martin, knows the

1

minor plaintiffs, and is aware of the underlying incident in this case. *Id.* ¶¶ 1–5. James also declares she is "a competent and responsible adult person," and her "over four decades of work with children and families through the United States military, the State of California and the County of Sacramento," gives her the "experience, objectivity, and expertise to act as guardian ad litem for the minor children." *Id.* ¶¶ 6–7.

A guardian ad litem must "be truly dedicated to the best interests of the person on whose behalf [s]he seeks to litigate." *Whitmore v. Arkansas*, 495 U.S. 149, 163–64 (1990); *Coal. of Clergy, Lawyers, & Professors v. Bush*, 310 F.3d 1153, 1161 (9th Cir. 2002). The court considers whether the proposed guardian ad litem has an "impermissible conflict of interest with the [minor plaintiffs]" and the candidate's "experience, objectivity, and expertise, . . . or previous relationship with the [minor plaintiffs.]" *AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1054 (E.D. Cal. 2015) (internal quotation marks, citations omitted); *see Watson v. Cty. of Santa Clara*, 468 F. Supp. 2d 1150, 1155 (N.D. Cal. 2007) (requiring "a written declaration that the proposed guardian ad litem is independent and would act in the best interests of the minors."). Given James's experience, relationship with the plaintiffs, and the apparent lack of any conflict of interest, the court appoints her as the guardian ad litem to the minor plaintiffs.

Second, the court considers the plaintiffs' motion for reconsideration of the court's previous order dismissing their claims against the School District and Maas., Mot. for Recons., ECF No. 24. The motion made under Rule 59(e) is entirely focused on rescuing the plaintiffs' § 1983 claim, first arguing the court erred in finding the claims were time barred, Mot. for Recons. at 4–12, and next asserting that "contrary to the court's ruling, compliance with the [Government] Claims Act is not required prior to filing a claim under [§] 1983," *Id*. at 12. Addressing the second argument first, the court agrees with plaintiffs that compliance with the Government Claims Act is not a prerequisite to filing a § 1983 claim; the court considered the Government Claims Act's application in its previous order only in evaluating plaintiffs' state law claims. *See* Prev. Order at 7–8, ECF No. 20. The court declines to reconsider its prior decision on this point.

/////

2

The plaintiffs' first argument does not fare any better. Three grounds may justify reconsideration under Rule 59(e): (1) "newly discovered evidence," (2) "the district court committed clear error or made an initial decision that was manifestly unjust," or (3) "an intervening change in controlling law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). Here, the plaintiffs do not present any change in law or point to new evidence to justify reconsideration. Rather, they argue the court committed a clear error of law in finding their federal claims were not subject to minority tolling, based on the minor plaintiffs' ages. Mot. for Recons. at 5 (citing *Bishop v. Children's Ctr. for Developmental Enrichment*, 618 F.3d 533, 538 (6th Cir. 2010)); Cal. Civ. Proc. Code § 352 (a)–(b)("If a person . . . is, at the time the cause of action accrued [ ] under the age of majority . . . , the time of the disability is not part of the time limited for the commencement of the action" but "[t]his section shall not apply to" certain actions "against a public entity or public employee."). Plaintiffs' counsel raised this argument for the first time at the court's prior hearing on the motion to dismiss and did not request an opportunity to provide supplemental briefing on the argument after defendants asserted that the case of *Booth v. United States* controlled. *See* 914 F.3d 1199, 1205 (9th Cir. 2019) (examining Federal Tort Claims Act and finding minority tolling does not apply unless express language of statute provides for it). "In the absence of new evidence or a change in the law, a party may not use a motion for reconsideration to raise arguments . . . for the first time when it [w]ould reasonably have been raised earlier in the litigation." *Doutherd v. Montesdeoca*, No. 2:17-02225, 2021 WL 1784917, at *3 (E.D. Cal. May 5, 2021) (quoting E.D. Cal. L.R. 230(j)). Plaintiff's arguments that this court should follow California state law and the Sixth Circuit's decision in *Bishop v. Children's Center for Developmental Enrichment* and apply minority tolling could have been raised earlier. The court denies the motion for reconsideration. Moreover, to the extent *Bishop* is contrary to Ninth Circuit law, the latter of course is controlling; no injustice results through application of the controlling law.

**II.   CONCLUSION**

The court **grants the motion to appoint Ms. James as guardian ad litem**.

The court **denies the motion for reconsideration**.

1    The court **vacates the status conference set for December 17, 2021.**  As defendants
2 Brenda Bryant and Sacramento County DCFAS have now appeared and filed a motion to dismiss
3 the court **resets the Status (Pretrial Scheduling) Conference for January 21, 2022 at 10:00**
4 **a.m**.  The parties shall file a joint status report fourteen days prior to the conference.
5     This order resolves ECF Nos. 24 & 25.
6     IT IS SO ORDERED.
7  DATED:  December 2, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE