UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

A.H., et al.,

              Plaintiffs,

    v.

Sacramento County Dept. Child, Family and Adult Services, et al.,

             Defendants.

No. 2:21-cv-00690-KJM-JDP

ORDER

       The defendants move to dismiss the claims of Cynthia Martin and her three minor children, A.H., E.H. and C.G.  The court **grants the motion.**

## I.  PLEADINGS

       The parties disagree at the outset about which is the operative complaint: (1) the first amended complaint, which the plaintiffs have titled the "Fifth Amended Complaint," ECF No. 41; or (2) its purported successor, the document the plaintiffs title the "Sixth Amended Complaint, ECF No. 44.  The plaintiffs have not explained their unconventional numbering scheme, but the court adopts it to avoid further confusion.  The plaintiffs argue the sixth amended complaint is their controlling pleading.  *See* Opp'n at 4–6, ECF No. 48.  The defendants contend the fifth amended complaint is operative.  *See* Reply at 2–3, ECF No. 49.

/////

The court dismissed the original complaint and permitted the plaintiffs to amend their complaint within 21 days. *See* Prev. Order (Sept. 20, 2021), ECF No. 20, *recons. denied*, ECF No. 31; Prev. Order (Mar. 23, 2022), ECF No. 40. They did so by filing their fifth amended complaint. Unless that complaint has been superseded, it remains operative. Rule 15 controls on that point. Under that Rule, "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The plaintiffs filed their sixth amended complaint more than 21 days after their fifth amended complaint was filed and more than 21 days after any motion under Rule 12; there has been no answer. The plaintiffs did not request leave to amend and did not obtain the defendants' consent to a further amendment; they stipulated to an extension of the defendants' deadline to respond. *See* Stip. & Order, ECF No. 43. The sixth amended complaint is therefore **stricken**, and the fifth amended complaint is the plaintiffs' controlling pleading.

## II.  ALLEGATIONS

Minor plaintiffs A.H. and E.H. are plaintiff Cynthia Martin's adopted sons. Fifth Am. Compl. ¶ 5. Minor plaintiff C.G. is Ms. Martin's biological daughter. *Id.* Non-party Jeffrey Martin is Ms. Martin's husband. *Id.* ¶ 30. The complaint also refers to two "younger children" who share the initials "J.M." *Id.* ¶ 31.

The court has summarized the plaintiffs' allegations in its previous orders. Only a brief summary is necessary again now. A mandated reporter at A.H.'s school discovered a burn on his leg and informed Child Protective Services (CPS). *Id.* ¶ 21. According to this reporter, A.H. said that his mother had spilled hot coffee on his leg during a fight with his father. *Id.* ¶ 22. This story was untrue; A.H. either spilled the coffee on himself, or one of his siblings spilled it on him. *Id.* ¶ 23. The burn kicked off an investigation into potential child abuse, which culminated in the temporary removal of A.H, E.H. and C.G. from the home. *Id.* ¶¶ 35–36. Ms. Martin eventually regained custody of A.H., E.H. and C.G., and the case against her was dismissed, but her name is

still listed on the Child Abuse Central Index (CACI). *See id.* ¶ 47. Mr. Martin was allegedly so shocked by the investigation and the allegations against Ms. Martin that he left the state, taking "the two smaller children," both of whose initials are J.M. and J.M., with him. *See id.* ¶ 79; Martin Decl. ¶ 2, ECF No. 51.

The plaintiffs allege the social worker who led the investigation, Brenda Bryant, lied, manipulated witnesses, pressured Mr. Martin to leave the family, and obtained a warrant by means of judicial deception. *See, e.g.*, *id.* ¶¶ 31, 35, 38. Ms. Martin and the three other minor children are now pursuing claims against Bryant and the County under 42 U.S.C. § 1983 and the First, Fourth and Fourteenth Amendments. They also assert a claim for intentional infliction of emotional distress. The defendants move to dismiss. Mot. to Dismiss (MTD), ECF No. 45. The motion is fully briefed. Opp'n, ECF No. 48;[1] Reply, ECF No. 49. The matter is submitted on the papers.

## III. LEGAL STANDARD

A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In the same vein, conclusory or formulaic recitations elements do not alone suffice. *Id*. (quoting *Twombly*, 550 U.S. at 555).

## IV. ANALYSIS

### A. Fourth Amendment Judicial Deception (Claim 1)

"To successfully allege a violation of the constitutional right to be free from judicial deception, the [plaintiffs] must make out a claim that includes (1) a misrepresentation or omission (2) made deliberately or with a reckless disregard for the truth, that was (3) material to the judicial decision." *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1146-47 (9th Cir. 2021)

---

[1] The plaintiffs filed their opposition about two weeks late, *see* Local Rule 230(c), because of a calendaring error by counsel, Opp'n at 6. However, as the defendants do not appear to have suffered any prejudice, the court permits the late filing and considers the merits of the opposition.

(listing "[e]xamples of judicial deception in child protective custody cases"); *see also Franks v. Delaware*, 438 U.S. 154, 171–72 (1978). "To determine the materiality of omitted facts, [courts] consider whether the affidavit, once corrected and supplemented, establishes probable cause." *Bravo v. City of Santa Maria*, 665 F.3d 1076, 1084 (9th Cir. 2011) (internal quotation marks omitted). The Ninth Circuit has held that a claim for judicial deception must meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b) because the claim is one "involving fraud." *Benavidez*, 993 F.3d at 1148.

The plaintiffs allege Bryant lied when she claimed "the children were at risk for emotional damage." Fifth Am. Compl. ¶ 38. They allege "[t]here was no real reason for the children to be removed" and "Bryant ignored all the experts and doctors who said the wound was 'accidental.'" *Id.* These allegations do not rise to the level of particularity required by Rule 9(b), because they do not provide the detailed "who, what, when, and where of the judicial deception." *Benavidez*, 993 F.3d at 1148. For example, it is unclear why doctors' opinions about accidental wounds were relevant to Bryant's claim that "the children were at risk for *emotional* damage." Fifth Am. Compl. ¶ 38 (emphasis added). This claim is dismissed.

### B. First Amendment Retaliation (Claim 2)

Ms. Martin's First Amendment retaliation claim requires a showing that: (1) she "engaged in constitutionally protected activity;" (2) "the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity;" and (3) "the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct." *Tranquilla v. City & Cnty. of San Francisco*, No. 11-04763, 2014 WL 554536, at *6 (N.D. Cal. Feb.7, 2014); *see also Corales v. Bennett*, 567 F.3d 554, 563 (9th Cir. 2009). The operative complaint claims only that Ms. Martin "declined to produce" medical records after Bryant asked for them. Fifth Am. Compl. ¶ 60. Ms. Martin has cited no authority to suggest that declining to produce medical records is a constitutionally protected activity, and the court is aware of none. The court has also already determined that Ms. Martin's previous, similar allegation—that she "questioned" Bryant's

/////

1  authority, Compl. ¶ 53, ECF No. 1—did not support a First Amendment retaliation claim, Prev.
2  Order (Mar. 23, 2022) at 6.  This claim too is dismissed.

3          **C.**      **Fourteenth Amendment Due Process (Claim 3)**

4          For procedural due process, the plaintiffs allege without elaboration that they did not
5  receive "fundamentally fair, orderly, and just judicial proceedings." Fifth Am. Compl. ¶ 74.  For
6  the reasons in this court's previous order, this allegation does not suffice.  *See* Prev. Order
7  (Mar. 23, 2022) at 7.  The plaintiffs also allege Bryant "deceived" the court that issued the
8  protective warrant.  Fifth Am. Compl. ¶ 78.  The Ninth Circuit has "recognized a constitutional
9  right under the Due Process Clause of the Fourteenth Amendment to be free from judicial
10 deception and fabrication of evidence in the context of civil child custody cases." *Benavidez*, 993
11 F.3d at 1146 (citations omitted).  But as explained above, the plaintiffs have not stated a claim for
12 judicial deception.

13         As for substantive due process, Ms. Martin's claim must be based on "harmful conduct"
14 that "shocks the conscience." *See* Prev. Order (Mar. 23, 2022) at 8 (citing *Rosenbaum v. Washoe*
15 *Cnty.*, 663 F.3d 1071, 1079 (9th Cir. 2011)).  As before, bare allegations about a rupture in the
16 family unit, Fifth Am. Compl. ¶ 76, do not meet this standard, *see* Prev. Order (Mar. 23, 2022) at
17 8–9.  This claim is dismissed.

18         **D.**      *Monell* **Liability (Claim 4)**

19         To establish the County's liability under *Monell v. Department of Social Services*,
20 436 U.S. 658 (1978), the plaintiffs must plead and prove the County had a policy "amount[ing] to
21 deliberate indifference to the plaintiff[s'] constitutional right[s]" and that "[wa]s the moving force
22 behind" a deprivation of the plaintiffs' constitutional rights.  *Dougherty v. City of Covina*,
23 654 F.3d 892, 900 (9th Cir. 2011) (citation omitted).  Plaintiffs once again claim the County has
24 unconstitutional policies based on "a pervasive practice or custom." *Horton by Horton v. City of*
25 *Santa Maria*, 915 F.3d 592, 602–03 (9th Cir. 2019); *see* Fifth Am. Compl. ¶ 85(a–h).  Their fifth
26 amended complaint attaches several LexisNexis search results and a press release about claims of
27 social workers fabricating and concealing evidence.  Fifth Am. Compl. Exs. A–C.  The relevance
28 of these exhibits is questionable, but the court would dismiss the *Monell* claim even if the exhibits

supported the plaintiffs' claims that the County had a policy. The fifth amended complaint does not include factual allegations sufficient to support the plaintiffs' claims of an underlying constitutional violation. This claim is dismissed.

### E. Intentional Infliction of Emotional Distress (IIED) (Claim 6[2])

Finally, the plaintiffs have not alleged "sufficiently outrageous conduct" to support their IIED claim. *See* Prev. Order (Mar. 23, 2022) at 10–11 (citing *Simo v. Union of Needletrades, Indus. & Textile Employees, Sw. Dist. Council*, 322 F.3d 602, 622 (9th Cir. 2003)). The plaintiffs allege "Bryant engaged in an inappropriate and leading interview of [the] [m]inor [p]laintiffs," Fifth Am. Compl. ¶ 93(a), and maintained the juvenile dependency case with unfounded allegations," *id.* ¶¶ 93(c) & 46. These assertions are similar to those the court found insufficient in its previous order. Prev. Order (Mar. 23, 2022) at 10–11. The court need not decide whether the defendants are immune under Government Code section 815. *See* Mot. at 13. This claim is dismissed.

### F. Leave to Amend

Courts freely grant leave to amend absent "strong evidence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (citation and quotation marks omitted). Although the additions in the stricken sixth amended complaint do not cure the deficiencies identified in this order, the plaintiffs prepared it without the benefit of the court's ruling on the fifth amended complaint. The court cannot exclude the possibility that the plaintiffs could state at least one viable claim. The court therefore grants the plaintiffs one final opportunity to amend their complaint, if they can do so within the confines of Rule 11. The court cautions the plaintiffs that greater length and more detail may be counterproductive unless modifications address the substance of the court's orders. Under Rule 8, a complaint must include a "short and plain

---

[2] There is no claim 5.

statement" of their claims.  Fed. R. Civ. P. 8(a)(2).  A complaint that does not meet this standard may result in sanctions, including monetary sanctions or dismissal.

### V.     CONCLUSION

The court **grants** the defendants' motion to dismiss (ECF No. 45).  The court grants the plaintiffs one final chance to amend.  Any amended complaint must be filed **within 21 days of this order**.

IT IS SO ORDERED.

DATED: July 13, 2022.

CHIEF UNITED STATES DISTRICT JUDGE